UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

JASON KARROLL, on behalf of
himself and all other similarly situated                                               PLAINTIFF

v.

CAR TOYS, INC. and JOHN DOES 1-10                                             DEFENDANTS

### CLASS ACTION COMPLAINT

**COMES NOW,** Plaintiff, Jason Karroll, and files this Class Action Complaint against Defendant Car Toys, Inc. on his own behalf and on behalf of over one thousand other employees, challenging Defendant's violation of the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*. (the "WARN Act").

### PARTIES

1. Plaintiff Jason Karroll is an adult resident of South Carolina. Plaintiff worked for the Wireless Advocates, LLC prior to his termination on December 5, 2022.

2. Plaintiff brings this lawsuit as a Rule 23 class action on behalf of all affected employees who were employed by Wireless Advocates, LLC and Car Toys, Inc. and were terminated in connection with the companies' terminations across the United States.

3. Defendant Car Toys, Inc. ("Car Toys") is a corporation incorporated in the State of Washington with its principal place of business there.

### JURISDICTION

4. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

1

5. This Court has personal jurisdiction over Car Toys because it terminated employees who work in this state and conducts substantial business operations in this District.

## STATEMENT OF FACTS

6. Defendant jointly maintained, owned, and operated multiple kiosks throughout the country.

7. Plaintiff and all other similarly situated employees were terminated on or about December 5, 2022 when the Wireless Advocates, LLC ("Wireless Advocates") surprisingly ceased all operations.

8. Dan Brettler, CEO of Wireless Advocates and Car Toys, held a conference call on or about December 5, 2022, in which he announced that all employees of Wireless Advocates were terminated, effective immediately.

9. Plaintiff, like approximately 1800 other Wireless Advocates employees, received this communication on December 5, 2022, stating that he was being laid off, effective immediately.

10. Car Toys did not give 60 days advance written notice to the terminated employees, as required by the federal WARN Act.

11. Wireless Advocates and Car Toys amount to a single employer for purposes of the WARN Act.

12. There is common ownership between Car Toys and Wireless Advocates. Car Toys owns two thirds (2/3) of Wireless Advocates. Further, Car Toys is solely owned by the two entities' mutual CEO, Dan Brettler.

13. Car Toys and Wireless Advocates likewise shared the same officers. Dan Brettler served as CEO for both companies. Kimberly Nelson, likewise, served as CFO for both Car Toys and Wireless Advocates.

14. Moreover, Car Toys and Wireless Advocates were solely controlled by Dan Brettler.

15. Further, both Car Toys and Wireless Advocates operate under a shared staff arrangement in which the same employees conduct the administrative affairs for both companies, including but not limited to accounting, finance, and human resources.

### COUNT I – VIOLATION OF FEDERAL WARN ACT

16. Plaintiff, by this reference, adopts and re-asserts all allegations, averments, and statements of fact contained in the preceding paragraphs of this Complaint.

17. Plaintiff and other affected employees who have worked for Wireless Advocates and Car Toys are entitled to the rights, protections, and benefits provided under the federal WARN Act, 29 U.S.C. § 2101 *et. seq*.

18. Defendant is subject to the notice and back pay requirements of the federal WARN Act because Car Toys is a business enterprise that employed 100 or more employees, excluding part-time employees, and/or, employed 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of overtime), as defined in the WARN Act. 29 U.S.C. §§ 2101(1)(A) and(B).

19. Defendant engaged in conducting mass layoffs but has not provided affected employees with the required notice under the federal WARN Act.

### JURY DEMAND

20. Plaintiff requests a trial by jury on these claims.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests the Court enter the following relief:

a. Declare and find that the Defendant has violated the federal WARN Act, 29 U.S.C. § 2101 *et seq.*;

b. Certify this case as a class action;

c. Award compensatory damages and penalties, in an amount according to proof;

d. Award pre- and post-judgment interest;

e. Award reasonable attorneys' fees, costs, and expenses; and

f. Award any and all additional relief the Court may deem appropriate.

Respectfully submitted this 17th day of January, 2023.

    MORGAN LITIGATION GROUP, LLC

    s/ Charles T. Slaughter
    S. Kirkpatrick Morgan, Jr. Fed. ID No. 5035
    Charles T. Slaughter, Fed. ID No. 10690
    135 East Main Street
    Post Office Box 1256 (29071)
    Lexington, South Carolina 29072
    Telephone: (803) 359-6194
    Facsimile: (803) 957-4584
    km@morganlitigation.com
    chuck@morganlitigation.com
    *ATTORNEYS FOR THE PLAINTIFF*

    William "Jack" Simpson, MBN 106524
    LANGSTON & LOTT, PLLC
    100 South Main Street
    Post Office Box 382
    Booneville, MS 38829-0382
    Telephone: (662) 728-9733
    Facsimile: (662) 728-1992
    Email: jsimpson@langstonlott.com
    *To be Admitted Pro Hac Vice*